[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON AMENDED MOTION TO DISQUALIFY
The Amended Motion to Disqualify dated February 7, 1997, is denied. Substantial prejudice to the client occurs when an attorney is disqualified. Goldberg v. Corporate Air., Inc.,189 Conn. 504, 515-16 (1983). While keeping in mind the lawyer's duty of "absolute fidelity" and the need to "guard against the danger of inadvertent use of confidential information," See Silver Chrysler Plymouth, Inc. v. ChryslerMotor Corp., 518 F.2d 751, 754 (2d Cir. 1975), the court must also be appropriately solicitous of a client's right to select his or her own counsel. Bergeron v. Mackler, 225 Conn. 391,397-98 (1993).
As is noted in Bergeron v. Mackler at 398-399:
 Rule 1.9 of the Rules of Professional Conduct governs disqualification of counsel for a conflict of interest relating to a former client. The rule states that: "A lawyer who has formerly represented a client CT Page 1824 in a matter shall not thereafter: (a) Represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation; or (b) Use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known."
 Rule 1.9(a) expresses the same standard that we had applied under the Code of Professional Responsibility when a claim of disqualification based on prior representation arose. Thus, an attorney should be disqualified if he has accepted employment adverse to the interests of a former client on a matter substantially related to the prior representation. State v. Jones, supra, 449. This test "has been honed in its practical application to grant disqualification only upon a showing that the relationship between the issues in the prior and present cases is "patently clear" or when the issues are "identical" or "essentially the same." Government of India v. Cook Industries. Inc.,
[supra, 739-401]," Id.; see also State v. Bunkley, 202 Conn. 629, 652, 522 A.2d 795
(1987). Once a substantial relationship between the prior and the present representation is demonstrated, the receipt of confidential information that would potentially disadvantage a former client is presumed. Goldenberg v. Corporate Air, Inc., supra, 512; State v. Jones, supra, 450. (Emphasis added.)
Having reviewed the full record, including the affidavits of Celia J. Moffie, Harold J. Moffie and Edwin P. Hoberman, I conclude that the record does not support granting of the motion under Bergeron v. Mackler principally because it has not been shown that the relationship between the issues in the prior and present case is "patently clear." CT Page 1825
Douglas S. Lavine, Judge, Superior Court